# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

JANE DOE No. 101,

### 09-80591

Plaintiff,

vs.

JEFFREY EPSTEIN,

Defendant.

Civil Action No.

## CIV-MARRA

MAGISTRATE JUDGE JOHNSON

FILED by _AJS_ D.C.
INTAKE

APR 17 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jane Doe No. 101 ("Jane Doe"), brings this Complaint against Defendant, Jeffrey Epstein, and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     At all times material to this cause of action, Plaintiff, Jane Doe, was a resident of Palm Beach County, Florida.

2.     This Complaint is brought under a fictitious name to protect the identity of Plaintiff, Jane Doe, because this Complaint makes sensitive allegations of sexual assault and abuse of a then minor.

3.     At all times material to this cause of action, Defendant, Jeffrey Epstein, had a residence located at 358 El Brillo Way, West Palm Beach, Palm Beach County, Florida.

4.     Defendant, Jeffrey Epstein, is currently a citizen of the State of Florida, as he is currently incarcerated in the Palm Beach County Stockade.

5.     At all times material to this cause of action, Defendant, Jeffrey Epstein, was an adult male born in 1953.

**Podhurst Orseck, P.A.**

6.     This Court has jurisdiction of this action and the claims set forth herein pursuant to 18 U.S.C. § 2255.

7.     This Court has venue of this action pursuant to 28 U.S.C. § 1391(a), as a substantial part of the events giving rise to the claim occurred in this District.

## STATEMENT OF FACTS

8.     At all relevant times, Defendant, Jeffrey Epstein, was an adult male, approximately 50 years old.  Epstein is known as a billionaire financier and money manager with a secret clientele limited exclusively to billionaires.  He is a man of tremendous wealth, power, and influence.  He owns a fleet of aircraft that includes a Gulfstream IV, a helicopter, and a Boeing 727.  Until his incarceration, he maintained his principal place of residence in the largest home in Manhattan, a 51,000-square-foot eight-story mansion on the Upper East Side.  Upon information and belief, he also owns a $6.8 million mansion in Palm Beach, Florida, a $30 million 7,500-acre ranch in New Mexico he named "Zorro," and a 70-acre private island known as Little St. James in St. Thomas, U.S. Virgin Islands.  The allegations herein concern Defendant's conduct while at his lavish estate in Palm Beach.

9.     Upon information and belief, Defendant has a sexual preference for underage minor girls.  He engaged in a plan, scheme, or enterprise in which he gained access in his home to countless relatively economically disadvantaged minor girls,  sexually assaulted or molested these girls, and then gave them money.

10.     Beginning in or around 2001 through in or around September 2007, Defendant used his resources and his influence over vulnerable minor children to engage in a systematic pattern of sexually exploitative behavior.

11.     Defendant's plan and scheme reflected a particular pattern and method. Defendant coerced and enticed impressionable, vulnerable, and relatively economically less

Podhurst Orseck, P.A.                                         2

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

fortunate minors to participate in various acts of sexual misconduct that he committed upon them. Defendant's scheme involved the use of underage girls as well as other individuals to recruit other underage girls. Upon information and belief, Defendant or an authorized agent would call and alert Defendant's assistants shortly before or after he arrived at his Palm Beach residence. His assistants would seek out economically disadvantaged and underage girls from West Palm Beach and surrounding areas who would be enticed by the money being offered— generally $200 to $300 per "massage" session—and who Defendant and/or his assistants perceived as less likely to complain to authorities or have credibility issues if allegations of improper conduct were made. The then minor Plaintiff and other minor girls, some as young as 14 years old, were transported to Defendant's Palm Beach county mansion by Defendant's employees, agents, and/or assistants in order to provide Defendant with "massages."

12.     Defendant would pay the procurer of each girl's "appointment" approximately $200. Many of the instances of illegal sexual conduct committed by Defendant were perpetrated with the assistance, support, and facilitation of at least three assistants who helped him orchestrate this child exploitation enterprise. These assistants would often arrange times for underage girls to come to Defendant's residence, transport or cause the transportation of underage girls to Defendant's residence, escort the underage girls to the massage room where Defendant would be waiting or would enter shortly thereafter, urge the underage girls to remove their clothes, deliver cash from Defendant to the underage girls and/or their procurers at the conclusion of each "massage appointment," and, upon information and belief, take nude photographs and/or videos of the underage girls' for Defendant without their knowledge.

13.     Epstein designed the scheme to secure a private place in Defendant's mansion where only persons employed and invited by Epstein would be present, so as to reduce the chance of detection of Defendant's sexual abuse and prostitution as well as to make it more

Podhurst Orseck, P.A.                                3

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

difficult for the minor girls to flee the premises and/or to credibly report his actions to law enforcement or other authorities. The girls were usually transported by his employees, agents, and/or assistants or by a taxicab paid for by Defendant in order to make it difficult for the girls to flee his mansion.

14. Upon arrival at Defendant's mansion, each underage victim would generally be introduced to one of Defendant's assistants, who would gather the girl's personal contact information. The minor girl would then be led up a flight of stairs to a room that contained a massage table and a large shower. The staircase leading to the room was plastered with nude photographs of young girls, including some photographs depicting two or more young girls engaged in lewd acts. Upon information and belief, Defendant, Jeffrey Epstein, had such photographs in each of his four homes and on his computer.

15. At times, if it was the girl's first "massage" appointment, another female would be in the room to "lead the way" until Defendant would have her leave. Generally, Defendant would start his massage wearing only a small towel, which eventually would be removed. Defendant would direct the girl to massage him, giving her specific instructions as to where and how he wanted to be touched, and then direct her to remove her clothing. He would then perform one or more lewd, lascivious, and sexual acts, including masturbation, fondling the minor's breasts and/or sexual organs, touching the minor's vagina with a vibrator and/or back massager, digitally penetrating her vagina, performing intercourse, oral sex, and/or anal sex, and/or coercing or attempting to coerce the girl to engage in lewd acts and/or prostitution. The exact degree of molestation and frequency with which the sexual crimes took place varied and is not yet completely known; however, at least when Defendant was in Palm Beach, Florida, such acts occurred usually on a daily basis and, in most instances, several times a day.

Podhurst Orseck, P.A.                                4

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

16.     As previously stated in paragraph 14, Defendant displayed nude photographs of underage girls throughout his homes in New York, Palm Beach, New Mexico, and the U.S. Virgin Islands.   Upon information and belief, some of the photographs in the possession of Defendant were taken with hidden cameras set up throughout his home in Palm Beach.  On the day of his arrest, police found two hidden cameras and photographs of underage girls on a computer in Defendant's home.  Upon information and belief, Defendant, Jeffrey Epstein, may have taken lewd photographs of Plaintiff, Jane Doe, with his hidden cameras and may have transported lewd photographs of Plaintiff (among many other victims) to his other residences and elsewhere using a facility or means of interstate commerce.

17.     Consistent with the foregoing plan and scheme, Defendant used his money, wealth, and power to unduly and improperly manipulate and influence the then minor Plaintiff. Plaintiff, Jane Doe, was recruited by one of Defendant's agents to give Defendant a massage for compensation.  Plaintiff was apprehensive, but needed the money and finally agreed to go. Plaintiff was first brought to Defendant's mansion in or about the spring of 2003, when she was merely 17 years old and in high school.  Epstein's procurer drove her to Jeffrey Epstein's mansion.  Plaintiff was led up a flight of stairs by a blonde woman to a spa room with a shower and a massage table, where she was left alone.  A woman with dark hair, an accent, and naked from the waist up entered and tried to coax Plaintiff to remove her shirt, but Plaintiff refused. After the woman showed Plaintiff how to use the lotions that were there, the woman left. Defendant walked in wearing only a small towel.  He lay down on the massage table still wearing the small towel, and Plaintiff began to massage his shoulders and neck.  Nervously, she asked him what he did for a living.  Defendant responded that he was a scientist.  Defendant asked Plaintiff what year she would graduate high school, to which Plaintiff honestly replied that she would graduate in 2004.  Plaintiff massaged Defendant's lower back and calves.  Defendant

Podhurst Orseck, P.A.                                          5

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

told her to remove his towel.  Defendant told her that he had just worked out and wanted his buttocks massaged.  Although disgusted, she was afraid to refuse and did it.  At some point, Defendant ordered Plaintiff to remove her clothes.  In shock, fear, and trepidation, Plaintiff partly complied, removing only her shirt and bra.  When Defendant turned over, Plaintiff was afraid and embarrassed and she wanted to leave.  Defendant repeatedly told her to relax and complimented her, saying that she had a nice body.  Defendant then pulled Plaintiff closer to him.  He began masturbating and then began fondling her breasts.  He asked her to do more and mentioned more money, which she adamantly declined.  Defendant continued masturbating until he ejaculated.  Plaintiff next recalls that she received $200 and was transported by the procurer, whom she later learned received $200 for having brought her to Epstein's mansion.

18.    Defendant thereafter lured the then minor Plaintiff to the Epstein mansion on at least one and perhaps two other occasions in the spring and/or summer of 2003.  The procurer made another appointment for her to return, but Plaintiff didn't want to see Defendant.  By having his assistants continue to contact Plaintiff and attempt to lure her to the mansion for other sexual acts, Defendant engaged in a continuous course of conduct that injured Plaintiff upon each instance of contact and/or abuse.

19.    In addition to the direct sexual abuse and molestation of the then minor Plaintiff, Defendant used his money, wealth, and power to unduly and improperly manipulate and influence the then minor Plaintiff to bring him another minor girl in a promised exchange for money.  Rather than go herself, Plaintiff and the procurer took another girl there one time.

20.    As a result of these encounters with Defendant, Plaintiff, Jane Doe, has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, and

Podhurst Orseck, P.A.                                6

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346        www.podhurst.com

other damages associated with Defendant's controlling and manipulating her into a perverse and unhealthy way of life.

21.     Any assertions by Defendant that he was unaware of the age of the then minor Plaintiff are belied by her telling him her high school graduation year, as well as his own actions, and are rendered irrelevant by the provision of applicable federal statutes concerning the sexual exploitation and abuse of a minor child.  Defendant, Jeffrey Epstein, at all times material to this cause of action, knew and should have known of Plaintiff's age of minority.   In fact, his preference for underage girls was well-known to those who regularly procured them for him.

22.     Defendant, Jeffrey Epstein, committed the above-referenced acts upon the then minor Plaintiff in violation of federal statutes condemning the coercion and enticement of a minor to engage in prostitution or sexual activity, travel with intent to engage in illicit sexual conduct, sex trafficking of children, sexual exploitation of minor children, transport of visual depictions of a minor engaging in sexually explicit conduct, transport of child pornography, child exploitation enterprises, and other crimes, specifically including, but not limited to, those crimes designated in 18 U.S.C. § 2422(b), § 2423(b), § 2423(e), § 2251, § 2252, § 2252A(a)(1), § 2252A(g)(1), and § 1591.

23.     After investigations by the Palm Beach Police Department, the Palm Beach State Attorney's Office, the Federal Bureau of Investigation, and the United States Attorney's Office for the Southern District of Florida, Defendant, Jeffrey Epstein, entered pleas of "guilty" to various Florida state crimes involving the solicitation of minors for prostitution and the procurement of minors for the purposes of prostitution in June 2008 in the Fifteenth Judicial Circuit in Palm Beach County, Florida.  Defendant, Jeffrey Epstein, is in the same position as if he had been tried and convicted of the sexual offenses committed against Plaintiff and, as such,

Podhurst Orseck, P.A.                                                  7

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

must admit liability unto Plaintiff, Jane Doe.  Plaintiff hereby exclusively seeks civil remedies pursuant to 18 U.S.C. § 2255.

**COUNT ONE**
**(Cause of Action for Coercion and Enticement of Minor to Engage in Prostitution or**
**Sexual Activity pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2422(b))**

24.    Plaintiff, Jane Doe, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

25.    Defendant, Jeffrey Epstein, used a facility or means of interstate commerce to knowingly persuade, induce, or entice Jane Doe, when she was under the age of 18 years, to engage in prostitution and/or sexual activity for which any person can be charged with a criminal offense pursuant to 18 U.S.C. § 2255 in violation of 18 U.S.C. § 2422(b).

26.    Plaintiff, Jane Doe, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

27.    As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life.  The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses.  Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.  These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

### COUNT TWO
### (Cause of Action for Travel with Intent to Engage in Illicit Sexual Conduct pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2423(b))

28.     Plaintiff, Jane Doe, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

29.     Upon information and belief, Defendant, Jeffrey Epstein, traveled in interstate commerce for the purpose of engaging in illicit sexual conduct, as defined in 18 U.S.C. § 2423(f), with minor females, in violation of 18 U.S.C. § 2423(b).

30.     Plaintiff, Jane Doe, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

31.     As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life. The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses. Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the

Podhurst Orseck, P.A.                                                       9

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

**COUNT THREE**
**(Cause of Action for Sex Trafficking of Children pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 1591(a))**

32.    Plaintiff, Jane Doe, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

33.    Defendant, Jeffrey Epstein, knowingly, in or affecting interstate or foreign commerce, recruited, enticed, and obtained Plaintiff, Jane Doe, knowing that she had not attained the age of 18 years and would be caused to engage in a commercial sex act as defined in 18 U.S.C. § 1591(c)(1), in violation of 18 U.S.C. § 1591(a)(1).

34.    Plaintiff, Jane Doe, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

35.    As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, and other damages associated with Defendant's manipulating and leading her into a perverse and

Podhurst Orseck, P.A.

10

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

unhealthy way of life. The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses. Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT FOUR
### (Cause of Action for Sexual Exploitation of Children pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2251)

36.     Plaintiff, Jane Doe, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

37.     Defendant, Jeffrey Epstein, knowingly induced, enticed, or coerced then minor Plaintiff Jane Doe to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct in violation of 18 U.S.C. § 2251. As previously stated in paragraphs 14 and 16, Defendant displayed a myriad of photographs of underage girls throughout his homes in New York, Palm Beach, New Mexico, and the U.S. Virgin Islands. Upon information and belief, many of the photographs in the possession of Defendant were taken with hidden cameras set up throughout his home in Palm Beach. On the day of his arrest, police found two hidden cameras and photographs of underage girls on a computer in Defendant's home. Upon information and belief, Defendant, Jeffrey Epstein, may have taken lewd photographs of Plaintiff, Jane Doe, with his hidden cameras and may have transported lewd photographs of

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   |   www.podhurst.com

Plaintiff (among many other victims) to his other residences and elsewhere using a facility or means of interstate commerce.

38.     Plaintiff, Jane Doe, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

39.     As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life.  The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses.  Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.  These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

Podhurst Orseck, P.A.                                    12

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346        www.podhurst.com

### COUNT FIVE
### (Cause of Action for Transport of Visual Depiction of Minor Engaging in Sexually Explicit Conduct pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2252(a)(1))

40.    Plaintiff, Jane Doe, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

41.    Defendant, Jeffrey Epstein, knowingly mailed, transported, or shipped in interstate or foreign commerce child pornography in violation of 18 U.S.C. § 2252(1).   As previously stated in paragraphs 14, 16, and 37, upon information and belief, Defendant displayed a myriad of photographs of underage girls throughout his homes in New York, Palm Beach, New Mexico, and the U.S. Virgin Islands.   Upon information and belief, many of the photographs in the possession of Defendant were taken with hidden cameras set up throughout his home in Palm Beach.   On the day of his arrest, police found two hidden cameras and photographs of underage girls on a computer in Defendant's home.   Upon information and belief, Defendant, Jeffrey Epstein, may have taken lewd photographs of Plaintiff, Jane Doe, with his hidden cameras and may have transported lewd photographs of Plaintiff (among many other victims) to his other residences and elsewhere using a facility or means of interstate commerce.

42.    As previously stated in paragraph 21, any assertions by Defendant that he was unaware of the age of the then minor Plaintiff are belied by his actions and rendered irrelevant by the provision of applicable federal and state statutes concerning the sexual exploitation and abuse of a minor child.   Defendant, Jeffrey Epstein, at all times material to this cause of action, knew and should have known of Plaintiff's age of minority.   In fact, his preference for underage girls was well-known to those who regularly procured them for him.

43.    Plaintiff, Jane Doe, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

44.     As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life.  The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses.  Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.  These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT SIX
### (Cause of Action for Transport of Child Pornography pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2252A(a)(1))

45.     Plaintiff, Jane Doe, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

46.     Defendant, Jeffrey Epstein, knowingly mailed, transported, or shipped in interstate or foreign commerce child pornography in violation of 18 U.S.C. § 2252A(a)(1).

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

47.     Plaintiff, Jane Doe, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

48.     Defendant, Jeffrey Epstein, is in the same position as if he had been tried and convicted of the sexual offenses committed against Plaintiff and, as such, must admit liability unto Plaintiff, Jane Doe.

49.     As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life.  The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses.  Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.  These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

Podhurst Orseck, P.A.                                                    15

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346                www.podhurst.com

## COUNT SEVEN
### (Cause of Action for Engaging in a Child Exploitation Enterprise pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2252A(g))

50.     Plaintiff, Jane Doe, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

51.     Defendant, Jeffrey Epstein, knowingly engaged in a child exploitation enterprise, as defined in 18 U.S.C. § 2252A(g)(2), in violation of 18 USC § 2252A(g)(1).  As more fully set forth above in paragraphs 9 through 19, Defendant's actions involved countless victims and countless incidents of abuse, and he committed those offenses against minors in concert with at least three other persons.

52.     Plaintiff, Jane Doe, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

53.     As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life.  The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses.   Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.   These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

Podhurst Orseck, P.A.

16

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   |   www.podhurst.com

WHEREFORE, Plaintiff, Jane Doe, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

Date:   April 17, 2009

                                  _Robert C. Josefsberg by KWE_

                                  Robert C. Josefsberg, Bar No. 040856
                                  Katherine W. Ezell, Bar No. 114771
                                  Podhurst Orseck, P.A.
                                  25 West Flagler Street, Suite 800
                                  Miami, Florida 33130
                                  (305) 358-2800
                                  (305) 358-2382 (fax)
                                  rjosefsberg@podhurst.com
                                  kezell@podhurst.com

                                  *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands to have her case tried before a jury.

                                  _Robert C. Josefsberg by KWE_

                                  Robert C. Josefsberg, Bar No. 040856
                                  Katherine W. Ezell, Bar No. 114771
                                  Podhurst Orseck, P.A.
                                  25 West Flagler Street, Suite 800
                                  Miami, Florida 33130
                                  (305) 358-2800
                                  (305) 358-2382 (fax)
                                  rjosefsberg@podhurst.com
                                  kezell@podhurst.com
                                  *Attorneys for Plaintiff*

Podhurst Orseck, P.A.

17

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346       www.podhurst.com

℘JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

Jane Doe No. 101

**(b)** County of Residence of First Listed Plaintiff   West Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Robert C. Josefsberg, Esq./Katherine W. Ezell, Esq.
Podhurst Orseck, P.A.
25 W. Flagler St., Suite 800
Miami, FL 33130

09-CV—80591 -- Marra/John-Son

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE   ☐ MONROE   ☐ BROWARD   ☑ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE HIGHLANDS

## DEFENDANTS

Jeffrey Epstein

County of Residence of First Listed Defendant   West Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

FILED by TPS D.C.

INTAKE

APR 17 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

Attorneys (If Known)

Jack A. Goldberger, Esq., Atterbury Goldberger & Weiss
Australian Ave., #1400, West Palm Beach, Fl. Robert D.

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☑ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☑ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO       b) Related Cases ☑ YES ☐ NO

JUDGE Kenneth A. Marra       DOCKET NUMBER See Attached

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

18 U.S.C. 2255 (Predicate Statutes 18 U.S.C. 2422(b), 2423(b), 2423(e), 2251, 2252, 2252A(a)(1), 2252A(g)(1) and 1591)

LENGTH OF TRIAL via 4 ___ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
*Katherine W. Ezell*

DATE
4/16/09

FOR OFFICE USE ONLY

AMOUNT $350.00   RECEIPT # 999319IFP

04/17/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**ATTACHMENT TO CIVIL COVER SHEET
FOR: Jane Doe No. 101 v. Jeffrey Epstein**

VI.    RELATED/RE-FILED CASE(S):

   08-80069
   08-80119
   08-80232
   08-80380
   08-80381
   08-08804
   08-80811
   08-80893
   08-80993
   08-80994
   08-80469