## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

JANE DOE No. 101,

                                              **Civil Action No. 9:09-cv-80591-KAM**

        Plaintiff,

**vs.**

JEFFREY EPSTEIN,

                                              **FIRST AMENDED COMPLAINT AND**
        Defendant.                  **DEMAND FOR JURY TRIAL**

_____/

### FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jane Doe No. 101, brings this Complaint against Defendant, Jeffrey Epstein, and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      At all times material to this cause of action, Plaintiff, Jane Doe No. 101, was a resident of Palm Beach County, Florida.

2.      This Complaint is brought under a fictitious name to protect the identity of Plaintiff, Jane Doe No. 101, because this Complaint makes sensitive allegations of sexual assault and abuse of a then minor.

3.      At all times material to this cause of action, Defendant, Jeffrey Epstein, had a residence located at 358 El Brillo Way, Palm Beach, Palm Beach County, Florida.

4.      Defendant, Jeffrey Epstein, is currently a citizen of the State of Florida, as he is currently incarcerated in the Palm Beach County Stockade.

5.      At all times material to this cause of action, Defendant, Jeffrey Epstein, was an adult male born in 1953.

6.    This Court has jurisdiction of this action and the claims set forth herein pursuant to 18 U.S.C. § 2255.

7.    This Court has venue of this action pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claim occurred in this District.

## STATEMENT OF FACTS

8.    At all relevant times, Defendant, Jeffrey Epstein, was an adult male, approximately 50 years old.  Epstein is known as a billionaire financier and money manager with a secret clientele limited exclusively to billionaires.  He is a man of tremendous wealth, power, and influence.  He owns a fleet of aircraft that includes a Gulfstream IV, a helicopter, and a Boeing 727, as well as a fleet of motor vehicles.  Until his incarceration, he maintained his principal place of residence in the largest home in Manhattan, a 51,000-square-foot eight-story mansion on the Upper East Side.  Upon information and belief, he also owns a $6.8 million mansion in Palm Beach, Florida, a $30 million 7,500-acre ranch in New Mexico he named "Zorro," and a 70-acre private island known as Little St. James in St. Thomas, U.S. Virgin Islands, a mansion in London's Westminster neighborhood, and a home in the Avenue Foch area of Paris. The allegations herein concern Defendant's conduct while at his lavish homes and/or numerous other locations both nationally and internationally.

9.    Upon information and belief, Defendant has a sexual preference for underage minor girls.  He engaged in a plan, scheme, or enterprise in which he gained access in his home to countless relatively economically disadvantaged minor girls,  sexually assaulted, molested, and/or exploited these girls, and then gave them money.

10.    Beginning in or around 1998 through in or around September 2007, Defendant used his resources and his influence over vulnerable minor children to engage in a systematic pattern of sexually exploitative behavior.

2

11.     Defendant's plan and scheme reflected a particular pattern and method. Defendant coerced and enticed impressionable, vulnerable, and relatively economically less fortunate minors to participate in various acts of sexual misconduct that he committed upon them.  Defendant's scheme involved the use of underage girls as well as other individuals to recruit other underage girls.  Upon information and belief, Defendant or an authorized agent would call and alert Defendant's assistants shortly before or after he arrived at his Palm Beach residence.  His assistants would seek out economically disadvantaged and underage girls from West Palm Beach and surrounding areas who would be enticed by the money being offered— generally $200 to $300 per "massage" session—and who Defendant and/or his assistants perceived as less likely to complain to authorities or have credibility issues if allegations of improper conduct were made.  The then minor Plaintiff and other minor girls, some as young as 14 years old, were transported to Defendant's Palm Beach county mansion by Defendant's employees, agents, and/or assistants in order to provide Defendant with "massages."

12.     Many of the instances of illegal sexual conduct committed by Defendant were perpetrated with the assistance, support, and facilitation of at least three assistants who helped him orchestrate this child exploitation enterprise.  These assistants would often arrange times for underage girls to come to Defendant's residence, transport or cause the transportation of underage girls to Defendant's residence, escort the underage girls to the massage room where Defendant would be waiting or would  enter shortly thereafter, urge the underage girls to remove their clothes, deliver cash from Defendant to the underage girls and/or their procurers at the conclusion of each "massage appointment," and, upon information and belief, take sexually explicit photographs and/or videos of the underage girls' for Defendant without their knowledge. Defendant would pay the procurer of each girl's "appointment" hundreds of dollars.

13.    Epstein designed the scheme to secure a private place in Defendant's mansion where only persons employed and invited by Epstein would be present, so as to reduce the chance of detection of Defendant's sexual abuse and prostitution as well as to make it more difficult for the minor girls to flee the premises and/or to credibly report his actions to law enforcement or other authorities.  The girls were usually transported by his employees, agents, and/or assistants or by a taxicab paid for by Defendant in order to make it difficult for the girls to flee his mansion.

14.    Upon arrival at Defendant's mansion, each underage victim would generally be introduced to one of Defendant's assistants, who would gather the girl's personal contact information.  The minor girl would then be led up a flight of stairs to a room that contained a massage table and a large shower.  The staircase leading to the room was plastered with photographs of nude young girls, including some photographs depicting two or more young girls engaged in lewd acts.  Upon information and belief, Defendant, Jeffrey Epstein, had such photographs in each of his four homes and on his computer.

15.    At times, if it was the girl's first "massage" appointment, another female would be in the room to "lead the way" until Defendant would have her leave.  Generally, Defendant would start his massage wearing only a small towel, which eventually would be removed. Defendant and/or the other female would direct the girl to massage him, giving the minor girl specific instructions as to where and how he wanted to be touched, and then direct her to remove her clothing.  He would then perform one or more lewd, lascivious, and sexual acts, including masturbation, fondling the minor's breasts and/or sexual organs, touching the minor's vulva, vagina, and/or anus with a vibrator and/or back massager and/or his finger(s) and/or his penis, digitally penetrating her vagina, performing intercourse, oral sex, and/or anal sex, and/or coercing or attempting to coerce the girl to engage in lewd acts and/or prostitution and/or

enticing the then minor girl to engage in sexual acts with another female in Defendant's presence. The exact degree of molestation and frequency with which the sexual crimes took place varied and is not yet completely known; however, at least when Defendant was in Palm Beach, Florida, such acts occurred usually on a daily basis and, in most instances, several times a day. In order to facilitate the daily exchanges of money for sexual assault and abuse, Defendant kept U.S. currency readily available.

16.     As previously stated in paragraph 14, Defendant displayed photographs of nude underage girls throughout his homes in New York City, Palm Beach, Santa Fe, and the U.S. Virgin Islands. Upon information and belief, some of the photographs Defendant's possession of Defendant were taken with hidden cameras set up in his home in Palm Beach. On the day of his arrest, police found two hidden cameras and photographs of underage girls on a computer in Defendant's home. Upon information and belief, Defendant, Jeffrey Epstein, may have taken lewd photographs of Plaintiff, Jane Doe No. 101, with his hidden cameras and may have transported lewd photographs of Plaintiff (among many other victims) to his other residences and elsewhere using a facility or means of interstate and/or foreign commerce. Upon information and belief, one or more nude photographs of Plaintiff that were taken when she was a minor were confiscated by the Palm Beach Police Department during its execution of a search warrant of Defendant's Palm Beach mansion on October 20, 2005. Upon information and belief, those photographs are still in the custody of law enforcement.

17.     Defendant, Epstein, traveled to his mansion in Palm Beach for the purpose of luring minor girls to his mansion to sexually abuse and/or batter them. He used the telephone to contact these minor girls for the purpose of coercing them into acts of prostitution and to enable himself to commit sexual battery against them and/or acts of lewdness in their presence, and he conspired with others, including assistants and/or his driver(s) and/or pilot(s), and his socialite

friend/partner, Ghislaine Maxwell, to further these acts and to avoid police detection. Defendant's systematic pattern of sexually exploitative behavior referred to in paragraph 10 and described in paragraphs 11 through the present paragraph occurred at all of Defendant's domestic and international residences and/or places of lodging and/or modes of transportation.

18.    Consistent with the foregoing plan and scheme, Defendant used his money, wealth, and power to unduly and improperly manipulate and influence the then minor Plaintiff. Plaintiff, Jane Doe No. 101, was recruited by one of Defendant's agents to give Defendant a massage for compensation. Plaintiff was apprehensive, but needed the money and finally agreed to go. Plaintiff was first brought to Defendant's mansion in or about the spring of 2003, when she was merely 17 years old and in high school. Epstein's procurer drove her to Jeffrey Epstein's mansion. Plaintiff was led up a flight of stairs by a blonde woman to a spa room with a shower and a massage table, where she was left alone. A woman with dark hair, an accent, and naked from the waist up entered and tried to coax Plaintiff to remove her shirt, but Plaintiff refused. After the woman showed Plaintiff how to use the lotions that were there, the woman left. Defendant walked in wearing only a small towel. He lay down on the massage table still wearing the small towel, and Plaintiff began to massage his shoulders and neck. Nervously, she asked him what he did for a living. Defendant responded that he was a scientist. Defendant asked Plaintiff what year she would graduate high school, to which Plaintiff honestly replied that she would graduate in 2004. Plaintiff massaged Defendant's lower back and calves. Defendant told her to remove his towel. Defendant told her that he had just worked out and wanted his buttocks massaged. Although disgusted, she was afraid to refuse and did it. At some point, Defendant ordered Plaintiff to remove her clothes. In shock, fear, and trepidation, Plaintiff partly complied, removing only her shirt and bra. When Defendant turned over, Plaintiff was afraid and embarrassed and she wanted to leave. Defendant repeatedly told her to relax and

complimented her, saying that she had a nice body. Defendant then pulled Plaintiff closer to him. He began masturbating and then began fondling her breasts. He asked her to do more and mentioned more money, which she adamantly declined. Defendant continued masturbating until he ejaculated. Plaintiff next recalls that she received $200 and was transported by the procurer, whom she later learned received $200 for having brought her to Epstein's mansion.

19.    Defendant thereafter lured the then minor Plaintiff to the Epstein mansion on at least one and perhaps two other occasions in the spring and/or summer of 2003. The procurer made another appointment for her to return, but Plaintiff didn't want to see Defendant. By having his assistants continue to contact Plaintiff and attempt to lure her to the mansion for other sexual acts, Defendant engaged in a continuous course of conduct that injured Plaintiff upon each instance of contact and/or abuse.

20.    In addition to the direct sexual abuse and molestation of the then minor Plaintiff, Defendant used his money, wealth, and power to unduly and improperly manipulate and influence the then minor Plaintiff to bring him another minor girl in a promised exchange for money. Rather than go herself, Plaintiff and the procurer took another girl there one time.

21.    As a result of these encounters with Defendant, Plaintiff, Jane Doe No. 101, has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, and other damages associated with Defendant's controlling and manipulating her into a perverse and unhealthy way of life.

22.    Any assertions by Defendant that he was unaware of the age of the then minor Plaintiff are belied by her telling him her high school graduation year, as well as his own actions, and are rendered irrelevant by the provision of applicable federal statutes concerning the sexual

exploitation and abuse of a minor child.  Defendant, Jeffrey Epstein, at all times material to this cause of action, knew and should have known of Plaintiff's age of minority.  Defendant's preference for underage girls was well-known to those who regularly procured them for him.

23.     Defendant, Jeffrey Epstein, committed the above-referenced acts upon the then minor Plaintiff in violation of federal statutes condemning the coercion and enticement of a minor to engage in prostitution or sexual activity, travel with intent to engage in illicit sexual conduct, sex trafficking of children, sexual exploitation of minor children, transport of visual depictions of a minor engaging in sexually explicit conduct, transport of child pornography, child exploitation enterprises, and other crimes, specifically including, but not limited to, those crimes designated in 18 U.S.C. § 2422(b), § 2423(b), § 2423(e), § 2251, § 2252, § 2252A(a)(1), and § 2252A(g)(1).

24.     In June 2008, after investigations by the Palm Beach Police Department, the Palm Beach State Attorney's Office, the Federal Bureau of Investigation, and the United States Attorney's Office for the Southern District of Florida, Defendant, Jeffrey Epstein, entered pleas of "guilty" to various Florida state crimes involving the solicitation of minors for prostitution and the procurement of minors for the purposes of prostitution in the Fifteenth Judicial Circuit in Palm Beach County, Florida.  Defendant, Jeffrey Epstein, is in the same position as if he had been tried and convicted of the sexual offenses committed against Plaintiff and, as such, must admit liability unto Plaintiff, Jane Doe No. 101.  Plaintiff hereby exclusively seeks civil remedies pursuant to 18 U.S.C. § 2255.

**COUNT ONE**
**(Cause of Action for Coercion and Enticement of Minor to Engage in Prostitution or Sexual Activity pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2422(b))**

25.     Plaintiff, Jane Doe No. 101, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

8

26.    Defendant, Jeffrey Epstein, used a facility or means of interstate and/or foreign commerce to knowingly persuade, induce, entice, or coerce Jane Doe No. 101, when she was under the age of 18 years, to engage in prostitution and/or sexual activity for which any person can be charged with a criminal offense, or attempted to do so, pursuant to 18 U.S.C. § 2255 in violation of 18 U.S.C. § 2422(b).

27.    Plaintiff, Jane Doe No. 101, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

28.    As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life.  The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses.  Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.  These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 101, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

**COUNT TWO**
**(Cause of Action for Travel with Intent to Engage in Illicit Sexual Conduct pursuant to 18**
**U.S.C. § 2255 in Violation of 18 U.S.C. § 2423(b))**

29.     Plaintiff, Jane Doe No. 101, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

30.     Upon information and belief, Defendant, Jeffrey Epstein, traveled in interstate and/or foreign commerce for the purpose of engaging in illicit sexual conduct, as defined in 18 U.S.C. § 2423(f), with minor females, including the then minor Plaintiff, in violation of 18 U.S.C. § 2423(b).

31.     Plaintiff, Jane Doe No. 101, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

32.     As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life.  The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses. Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.  These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 101, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation,

actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT THREE
### (Cause of Action for Sexual Exploitation of Children pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2251)

33.    Plaintiff, Jane Doe No. 101, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

34.    Defendant, Jeffrey Epstein, knowingly persuaded, induced, enticed, or coerced the then minor Plaintiff, Jane Doe No. 101, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct in violation of 18 U.S.C. § 2251.  As previously stated in paragraphs 14 and 16, Defendant displayed a myriad of photographs of underage girls throughout his homes in New York City, Palm Beach, Santa Fe, and the U.S. Virgin Islands. Upon information and belief, many of the photographs in the possession of Defendant were taken with hidden cameras set up in his home in Palm Beach.  On the day of his arrest, police found two hidden cameras and photographs of underage girls on a computer in Defendant's home.  Upon information and belief, Defendant, Jeffrey Epstein, may have taken lewd photographs of Plaintiff, Jane Doe No. 101, with his hidden cameras and may have transported lewd photographs of Plaintiff (among many other victims) to his other residences and elsewhere using a facility or means of interstate and/or foreign commerce.  Upon information and belief, one or more sexually explicit photographs of Plaintiff that were taken when she was a minor were confiscated by the Palm Beach Police Department during its execution of a search warrant of Defendant's Palm Beach mansion on October 20, 2005.  Upon information and belief, those photographs are still in the custody of law enforcement.

35.     Plaintiff, Jane Doe No. 101, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

36.     As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life.  The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses.  Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.  These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 101, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

**COUNT FOUR**
**(Cause of Action for Transport of Visual Depiction of Minor Engaging in Sexually Explicit**
**Conduct pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2252(a)(1))**

37.     Plaintiff, Jane Doe No. 101, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

38.     Defendant, Jeffrey Epstein, upon information and belief, knowingly mailed, transported, shipped, or sent via computer and/or facsimile in or affecting interstate or foreign commerce at least one visual depiction of the minor Plaintiff engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(1).  As previously stated in paragraphs 14, 16, and 34, upon information and belief, Defendant displayed a myriad of nude photographs of underage girls throughout his homes in New York City, Palm Beach, Santa Fe, and the U.S. Virgin Islands.  Upon information and belief, many of the photographs in the possession of Defendant were taken with hidden cameras set up throughout his home in Palm Beach.  On the day of his arrest, police found two hidden cameras and photographs of underage girls on a computer in Defendant's home.  Upon information and belief, Defendant, Jeffrey Epstein, may have taken lewd photographs of Plaintiff, Jane Doe No. 101, with his hidden cameras and may have transported lewd photographs of Plaintiff (among many other victims) to his other residences and elsewhere using a facility or means of interstate and/or foreign commerce.  Upon information and belief, one or more sexually explicit photographs of Plaintiff that were taken when she was a minor were confiscated by the Palm Beach Police Department during its execution of a search warrant of Defendant's Palm Beach mansion on October 20, 2005.  Upon information and belief, those photographs are still in the custody of law enforcement.

39.     As previously stated in paragraph 22, any assertions by Defendant that he was unaware of the age of the then minor Plaintiff are belied by his actions and rendered irrelevant by the provision of applicable federal and state statutes concerning the sexual exploitation and abuse

of a minor child.  Defendant, Jeffrey Epstein, at all times material to this cause of action, knew and should have known of Plaintiff's age of minority.  Defendant's preference for underage girls was well-known to those who regularly procured them for him.

40.    Plaintiff, Jane Doe No. 101, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

41.    As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life.  The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses.  Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.  These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 101, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

**COUNT FIVE**
**(Cause of Action for Transport of Child Pornography pursuant to 18 U.S.C. § 2255 in**
**Violation of 18 U.S.C. § 2252A(a)(1))**

42.     Plaintiff, Jane Doe No. 101, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

43.     Defendant, Jeffrey Epstein, knowingly mailed, transported, shipped, or sent via computer or facsimile in or affecting interstate and/or foreign commerce child pornography in violation of 18 U.S.C. § 2252A(a)(1). As previously stated in paragraph 16, Defendant displayed a myriad of nude photographs of underage girls throughout his homes, including his homes in New York City, Palm Beach, Santa Fe, and the U.S. Virgin Islands.  Upon information and belief, many of the photographs in the possession of Defendant were taken with hidden cameras set up throughout his home in Palm Beach.  On the day of his arrest, police found two hidden cameras and nude photographs of underage girls on a computer in Defendant's home.  Upon information and belief, Defendant, Jeffrey Epstein, may have taken lewd photographs of Plaintiff, Jane Doe No. 101, with his hidden cameras and may have transported lewd photographs of Plaintiff (among many other victims) to his other residences and elsewhere using a facility or means of interstate and/or foreign commerce.  Upon information and belief, one or more nude photographs of Plaintiff that were taken when she was a minor were confiscated by the Palm Beach Police Department during its execution of a search warrant of Defendant's Palm Beach mansion on  October 20, 2005.  Upon information and belief, those photographs are still in the custody of law enforcement.

44.     As previously stated in paragraph 22, any assertions by Defendant that he was unaware of the age of the then minor Plaintiff are belied by his actions and rendered irrelevant by the provision of applicable federal and state statutes concerning the sexual exploitation and abuse of a minor child.  Defendant, Jeffrey Epstein, at all times material to this cause of action, knew

and should have known of Plaintiff's age of minority. Defendant's preference for underage girls was well-known to those who regularly procured them for him.

45.    Plaintiff, Jane Doe No. 101, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

46.    As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life. The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses. Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 101, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

**COUNT SIX**
**(Cause of Action for Engaging in a Child Exploitation Enterprise pursuant to 18 U.S.C. §**
**2255 in Violation of 18 U.S.C. § 2252A(g))**

47.    Plaintiff, Jane Doe No. 101, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 24 above and Counts One through Five.

48.    Defendant, Jeffrey Epstein, knowingly engaged in a child exploitation enterprise, as defined in 18 U.S.C. § 2252A(g)(2), in violation of 18 USC § 2252A(g)(1).  As more fully above, Defendant engaged in actions that constitute countless violations of 18 U.S.C. § 1591 (sex trafficking of children), Chapter 110 (sexual exploitation of children in violation of 18 U.S.C. §§ 2251, 2252(a)(1), and 2252(A)(a)(1)), and Chapter 117 (transportation for illegal sexual activity in violation of 18 U.S.C. §§ 2422, and 2423).  As more fully set forth above in paragraphs 9 through 19, Defendant's actions involved countless victims and countless separate incidents of abuse, and he committed those offenses against minors in concert with at least three other persons.

49.    Plaintiff, Jane Doe No. 101, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

50.    As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life.  The then minor Plaintiff incurred medical and psychological expenses,

17

and Plaintiff will in the future suffer additional medical and psychological expenses.    Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.    These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 101, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

Date:   May 1, 2009

Robert C. Josefsberg, Bar No. 040856
Katherine W. Ezell, Bar No. 114771
Podhurst Orseck, P.A.
25 West Flagler Street, Suite 800
Miami, Florida 33130
(305) 358-2800
(305) 358-2382 (fax)
rjosefsberg@podhurst.com
kezell@podhurst.com

*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

WE HEREBY CERTIFY that on this _____ day of May, 2009, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

PODHURST ORSECK, P.A.
Attorneys for Plaintiff

By:     s/Katherine W. Ezell
         Robert C. Josefsberg
         Fla. Br No. 040856
         rjosefsberg@podhurst.com
         Katherine W. Ezell
         Fla. Bar No. 114771
         kezell@podhurst.com
         City National Bank Building
         25 W. Flagler Street, Suite 800
         Miami, FL 33130
         Telephone: (305) 358-2800
         Facsimile: (305) 358-2382

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands to have her case tried before a jury.

 

 

 

_____

Robert C. Josefsberg, Bar No. 040856
Katherine W. Ezell, Bar No. 114771
Podhurst Orseck, P.A.
25 West Flagler Street, Suite 800
Miami, Florida 33130
(305) 358-2800
(305) 358-2382 (fax)
rjosefsberg@podhurst.com
kezell@podhurst.com

*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

WE HEREBY CERTIFY that on this _____ day of May, 2009, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

PODHURST ORSECK, P.A.
Attorneys for Plaintiff

By:      s/Katherine W. Ezell
         Robert C. Josefsberg
         Fla. Br No. 040856
         rjosefsberg@podhurst.com
         Katherine W. Ezell
         Fla. Bar No. 114771
         kezell@podhurst.com
         City National Bank Building
         25 W. Flagler Street, Suite 800
         Miami, FL 33130
         Telephone: (305) 358-2800
         Facsimile: (305) 358-2382

## <u>SERVICE LIST</u>

JANE DOE NO. 101 v. JEFFREY EPSTEIN
Case No. 08-CV-80591-MARRA/JOHNSON
United States District Court, Southern District of Florida


Robert Critton, Esq.
Burman, Critton, Luttier & Coleman LLP
515 North Flagler Drive, Suite 400
West Palm Beach, FL 33401
rcrit@bcldlaw.com


Jack Goldberger, Esq.
Atterbury, Goldberger & Weiss, P.A.
250 Australian Avenue South, Suite 1400
West Palm Beach, FL 33401
jagesq@bellsouth.net

Bruce E. Reinhart, Esq.
Bruce E. Reinhart, P.A.
250 South Australian Avenue, Suite 1400
West Palm Beach, FL 33401
Phone: (561) 202-6360
Fax: (561) 828-0983
ecf@brucereinhartlaw.com
*Co-counsel for Defendant, Jeffrey Epstein*

Jack Scarola, Esq.
Jack P. Hill, Esq.
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax: (561) 383-9456
jsx@searcylaw.com
jph@searcylaw.com
*Counsel for Plaintiff C.M.A.*

Adam Horowitz, Esq.
Stuart Mermelstein, Esq.
Herman & Mermelstein
18205 Biscayne Blvd.
Suite 2218
Miami, FL 33160

Phone: (305) 931-2200
Fax: (305) 931-0877
ahorowitz@sexabuseattorney.com
smermelstein@sexabuseattorney.com
*Counsel for Plaintiffs in Related Cases Nos. 08-80069, 08-80119,08-80232, 08-80380, 08-80381, 08-80993, 08-80994*

Spencer Todd Kuvin, Esq.
Theodore Jon Leopold, Esq.
Leopold Kuvin, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Phone: (561) 515-1400
Fax: (561) 515-1401
skuvin@leopoldkuvin.com
tleopold@leopoldkuvin.com
*Counsel for Plaintiff in Related Case No. 08-08804*

Richard Willits, Esq.
Richard H. Willits, P.A.
2290 10th Ave North, Suite 404
Lake Worth, FL 33461
Phone: (561) 582-7600
Fax: (561) 588-8819
lawyerwillits@aol.com
reelrhw@hotmail.com
*Counsel for Plaintiff in Related Case No. 08-80811*

Brad Edwards, Esq.
Law Office of Brad Edwards & Associates, LLC
2028 Harrison Street, Suite 202
Hollywood, FL 33020
Phone: (954) 414-8033
Fax: (954) 924-1530
bedwards@rra-law.com
be@bradedwardslaw.com
*Counsel for Plaintiff in Related Case No. 08-80893*

Isidro Manuel Garcia, Esq.
Garcia Elkins & Boehringer
224 Datura Avenue, Suite 900
West Palm Beach, FL 33401
Phone: (561) 832-8033
Fax: (561) 832-7137
isidrogarcia@bellsouth.net
*Counsel for Plaintiff in Related Case No. 08-80469*