**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

JANE DOE NO. 2, **CASE NO: 08-CV-80119-MARRA/JOHNSON**

Plaintiff

vs.

JEFFREY EPSTEIN,

Defendant
_________________________________/

JANE DOE NO. 3, **CASE NO: 08-CV-80232-MARRA/JOHNSON**

Plaintiff

vs.

JEFFREY EPSTEIN,

Defendant

_________________________________/

JANE DOE NO. 4, **CASE NO: 08-CV-80380-MARRA/JOHNSON**

Plaintiff

vs.

JEFFREY EPSTEIN,

Defendant
_________________________________/

*CASE NO: 08-CV-80119-MARRA/JOHNSON*

JANE DOE NO. 5, **CASE NO: 08-CV-80381-MARRA/JOHNSON**

Plaintiff

vs.

JEFFREY EPSTEIN,

Defendant

_________________________________/

JANE DOE NO. 6. **CASE NO: 08-CV-80994-MARRA/JOHNSON**

Plaintiff

vs.

JEFFREY EPSTEIN,

Defendant

___________________________________/

JANE DOE NO. 7, **CASE NO: 08-CV-80993-MARRA/JOHNSON**

Plaintiff

vs.

JEFFREY EPSTEIN,

Defendant

____________________________________/

**CASE NO: 08-CV-80811-MARRA/JOHNSON**

C.M.A.,

Plaintiff

vs.

JEFFREY EPSTEIN,

Defendant
_________________________________/

JANE DOE, **CASE NO. 08-CV-80893-CIV-MARRA/JOHNSON**

Plaintiff,

Vs.

JEFFREY EPSTEIN, et al.

Defendant.
_________________________________/

DOE II, **CASE NO: 09-CV-80469-MARRA/JOHNSON**

Plaintiff

vs.

JEFFREY EPSTEIN, et al.

Defendants.
_________________________________/

JANE DOE NO. 101, **CASE NO: 09-CV-80591-MARRA/JOHNSON**

Plaintiff

vs.

JEFFREY EPSTEIN,

Defendant
_________________________________/

JANE DOE NO. 102, **CASE NO: 09-CV-80656-MARRA/JOHNSON**

Plaintiff

vs.

JEFFREY EPSTEIN,

Defendant
__________________________________/

**PLAINTIFF JANE DOE'S MOTION TO COMPEL ANSWERS TO PLAINTFF'S FIRST REQUEST FOR PRODUCTION**

Plaintiff Jane Doe, hereby moves this Court for an order compelling defendant, Jeffrey Epstein, to answer her first request for production or, in the alternative, to prove that his invocation of his Fifth Amendment privilege is proper. Jane Doe also requests production of a privilege log.

Jane Doe has propounded 16 requests for production, including such straightforward requests as requests for production of:

Request No. 1: Copies of all telephone records;

Request No. 2: Photos of the inside of your home located at 358 El Brillo Way, Palm Beach, Florida, that depict the room(s) where massages took place (including massage table).

Request No. 10: Correspondence between Epstein and federal prosecutors;

Request No. 12: Personal tax returns;

Request No. 13: Photocopies of Epstein's passport;

Request No. 14: A statement of net worth; and

Request No. 16: Medical records.

In response to each and every one of these requests, Epstein has given the following response (with only minor variations here and there):

> Defendant is asserting his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.

This Court should order Epstein to provide all of the requested information or, in the alternative, prove that his Fifth Amendment invocations are valid. It is for the court, not the claimant, to determine whether the hazard of incrimination is justified. *United States v. Argomaniz*, 925 F.2d 1349, 1355 (11th Cir. 1991). "A court must make a particularized inquiry, deciding, in connection with each specific area that the

questioning party wishes to explore, whether or not the privilege is well-founded." *Id.* Typically this is done in an *in camera* proceeding wherein the person asserting the privilege is given the opportunity "to substantiate his claims of the privilege and the district court is able to consider the questions asked and the documents requested by the summons." *Id.*

Here Epstein has made boilerplate invocation of the Fifth Amendment to each and every request propounded by Jane Doe, including for example the request for correspondence with federal prosecutors and for production of federal tax returns. This obviously is not a request with Fifth Amendment implications, as the information has *already* been fully disclosed to the Government.

For all these reasons, the Court should compel Epstein to answer the requests or provide a particularized justification for his Fifth Amendment invocation with regard to each request.

Epstein's "cut and paste" response to the request for production also blatantly disregards the requirements for invoking privilege under the Court's local rules. Local rule 26.1.G very specifically requires the preparation of a privilege log with respect to all documents and oral communications (among other things) that are withheld on the basis of privilege. Epstein has failed to prepare such a log, making it impossible for Jane Doe to effectively challenge his generic assertions. Indeed, with respect to a few requests, Epstein has stated: "Further, the request *may* include information subject to work product or an attorney-client privilege." Of course, the whole purpose of forcing a defendant to prepare a privilege log is to force the defendant to decide whether or not

information is privileged. An assertion that something "may" be privileged is obviously woefully deficient. The Local Rules do not permit this tactic, and Epstein should be (at a minimum) promptly required to produce a privilege log.

For all these reasons, the Court should compel Epstein to provide a privilege log and to answer the interrogatories or provide a particularized justification for his Fifth Amendment invocation with regard to each request.

It should be noted that (with minor exceptions) the only grounds on which Epstein can refuse to answer the request for production is proof of a valid Fifth Amendment privilege. This the only objection Epstein has asserted (with minor exceptions). As a result, any other objections to production are deemed waived. *See* Local Rule 26.1G.3.(a) ("Any ground [for an objection] not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.").

**SPECIFIC REQUESTS FOR PRODUCTION**

For the convenience of the court – and in compliance with Local Rule 26.1 H (party filing motion to compel shall list specific requests in succession) – Jane Doe's requests for production and Epstein's objections are as follows:

Request No. 1: Copies of all telephone records in your or your attorney's possession from 2002 through 2005 that in any way relate to you (including all phone lines owned by you or that were used to contact girls for the purposes of scheduling massages for you.)

> Defendant is asserting his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective

representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.

Request No. 2: All massage appointment books, diaries, computer calendars or scheduling entities, scheduling books or any other writing or correspondence that contains the names of any of the girls that were called, contacted, scheduled or who otherwise went to your home located at 358 El Brillo Way, Palm Beach, Florida, for the purpose of giving you a massage.

Defendant is asserting his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.

Request No. 3: Any and all documentation in your possession that contains Plaintiff's name or that refers to Plaintiff, directly or indirectly, (includes e-mails, letters, message pads, diaries, appointment books, computer print outs).

Defendant is asserting his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.

Request No. 4: Any and all photos, videos, downloaded digital prints or any other visual depiction of Plaintiff, or of any other known or suspected minor females introduced to you, directly or indirectly, by Plaintiff.

Defendant is asserting his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.

Request No. 5: Photos of the inside or your home located at 358 El Brillo Way, Palm Beach, Florida, that depict the room(s) where the massages too place (including massage table).

Defendant is asserting his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.

Request No. 6: Any and all documentation of cancelled checks or evidence of payment to Plaintiff of any kind and for any reason whatsoever.

Defendant is asserting his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.

Request No. 7: All discovery information obtained by you or your attorneys as a result of the exchange of discovery in the State criminal case against you or the Federal investigation against you.

> Defendant is asserting his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution. In addition to and without waiving his constitutional privileges, the information sought is privileged and confidential, and inadmissible to the terms of the deferred prosecution agreement, Federal Rule of Evidence 410 and 408, and § 90.410, Fla. Stat.[1] Further, the request may including information subject to work product or an attorney-client privilege.

Request No. 8: All financial documents evidencing asset transfers from 2005 to present for you personally or any company or corporation owned by you.

> Defendant is asserting his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.

---

[1] Jane Doe does not intend to use these materials to draw a forbidden inference of guilt from the mere fact that information was provided to law enforcement officials as part of plea discussions, but rather for other purposes. These materials are also quite clearly likely to lead to the discovery of other admissible evidence, as they relate to the same subject matter as this lawsuit. To the extent that Epstein relies on the non-prosecution agreement, nothing in that agreement bars *discovery* of information relevant to this lawsuit.

Request No. 9: Any documents or other evidentiary materials provided to local, state, or federal law enforcement investigators or local, state or federal prosecutors investigating your sexual activities with minors.

> Defendant is asserting his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution. In addition to and without waiving his constitutional privileges, the information sought is privileged and confidential, and inadmissible pursuant to the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and 408, and § 90.410, Fla. Stat. [2] Further, the request may include information subject to work product or an attorney-client privilege.

Request No. 10: All correspondence between you and your attorneys and state or federal law enforcement or prosecutors (includes, but not limited to, letters to and from the States Attorney's office or any agents thereof).

> Defendant is asserting his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution. In addition to and without waiving his constitutional privileges, the information sought is privileged and confidential, and inadmissible pursuant to the terms of the deferred prosecution agreement,

[2] Jane Doe does not intend to use these materials to draw a forbidden inference of guilt from the mere fact of plea discussions, but rather for other purposes. These materials are also likely to lead to the discovery of other admissible evidence. To the extent that Epstein relies on the non-prosecution agreement, nothing in that agreement bars discovery of information relevant to this lawsuit.

Fed. Rule of Evidence 410 and 408, and § 90.410, Fla. Stat. [3] Further, the request may include information subject to work product or an attorney-client privilege.

Request No. 11: Any and all documents reflecting your current net worth.

Defendant is asserting his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.

Request No. 12: Personal tax returns for all years from 2002 through the present.

Defendant is asserting his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution; overly broad.

Request No. 13: A photocopy of your passport, including any supplemental pages reflecting travel to locations outside the 50 United States between 2002 and 2008, including any documents or records regarding plane tickets, hotel receipts, or transportation arrangements.

---

[3] Jane Doe does not intend to use these materials to draw a forbidden inference of guilt from the mere fact of correspondence in connection with plea discussions, but rather for other purposes. These materials are also likely to lead to the discovery of other admissible evidence. To the extent that Epstein relies on the non-prosecution agreement, nothing in that agreement bars *discovery* of information relevant to this lawsuit.

> Defendant is asserting his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution. In addition to and without waiving his constitutional protections and privileges, the scope of information is so overbroad that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; compiling such information over a six year period would be unduly burdensome and time consuming.[4]

Request No. 14: A sworn statement of your net worth (including a detailed financial statement depicting all current assets and liabilities).

Defendant is asserting his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.

Request No. 15: All financial statements or affidavits produced by you for any reason, to any person, company, entity or corporation since 2005.

> Defendant is asserting his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United

---

[4] Jane Doe believes that Epstein used overseas travel as a means of obtaining underage girls for sexual purposes and for avoiding criminal prosecution for such activities. Also, providing a copy of a passport is hardly “burdensome.” Also, given the fact that Epstein is likely to have used the services of a travel agent or another intermediary, it should not be difficult for him to provide evidence of his overseas travels from such intermediaries.

> States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution; overly broad.

Request No. 16: All medical records of Defendant Epstein from Dr. Stephan Alexander.

> Defendant is asserting his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.

**CONCLUSION**

For all these reasons, the Court should compel Epstein to answer the request for production, or provide a particularized justification for his Fifth Amendment invocation with regard to each request. Epstein should also be required to provide a privilege log. Counsel for Jane Doe have conferred with opposing counsel on the issues raised in this motion, and no resolution was possible.

DATED July 10, 2009

Respectfully Submitted,

s/ Bradley J. Edwards

Bradley J. Edwards
ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre
401 East Las Olas Blvd., Suite 1650
Fort Lauderdale, Florida 33301
Telephone (954) 522-3456
Facsimile (954) 527-8663
Florida Bar No.: 542075
E-mail: bedwards@rra-law.com

*and*

Paul G. Cassell
Pro Hac Vice
332 S. 1400 E.
Salt Lake City, UT 84112
Telephone: 801-585-5202
Facsimile: 801-585-6833
E-Mail: cassellp@law.utah.edu

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 10, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically filed Notices of Electronic Filing.

s/ Bradley J. Edwards
Bradley J. Edwards

**SERVICE LIST**
**Jane Doe v. Jeffrey Epstein**
**United States District Court, Southern District of Florida**

Jack Alan Goldberger, Esq.
Jgoldberger@agwpa.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

Isidro Manual Garcia
isidrogarcia@bellsouth.net

Jack Patrick Hill
iph@searcylaw.com

Katherine Warthen Ezell
KEzell@podhurst.com

Michael James Pike
MPike@bclclaw.com

Paul G. Cassell
cassellp@bclclaw.com

Richard Horace Willits
lawyerswillits@aol.com

Robert C. Josefsberg
rjosefsberg@podhurst.com

Adam D. Horowitz
ahorowitz@sexabuseattorney.com

Stuart S. Mermelstein
ssm@sexabuseattorney.com

William J. Berger
wberger@rra-law.com